# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff / Respondent,

vs.                                                                                               Civil No.   04-147 BB/RHS
                                                                                             Crim. Nos.  02-54 BB; 02-298 MV

JOSE ANGEL REYES,

    Defendant / Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.   THIS MATTER comes before the Court on Mr. Reyes' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") **[Doc. 1]**.  The government filed a response to the Motion.  (See  Government's Response to Petitioner's Motion ("Response") **[Doc. 8]**.)  Mr. Reyes filed a reply to the government's Response.  (See Petitioner's Traverse/Reply to Government's Response to 28 U.S.C. § 2255 Motion ("Reply") **[Doc. 9]**.)  Movant is incarcerated and is proceeding *pro se*.

    2.    On January 7, 2003, Mr. Reyes pleaded guilty to two criminal counts:  (1) Count I of the Second Superseding Indictment filed in Crim. No. 02-54 BB, conspiracy to possess, with the intent to distribute and distribution of 500 grams and more of a substance containing methamphetamine and (II) Count I of the indictment filed in Crim. No. 02-298 MV, conspiracy to possess, with the intent to distribute, 50 grams and more of a substance containing methamphetamine.  (See Plea Agreement at 2, United States v. Reyes (Crim. No. 02-298 MV) **[Doc. 56]**; Transcript of Plea Proceedings ("Plea Hearing"), Reyes (Crim. Nos. 02-54 BB, 02-298

MV)) On January 27, 2003, he was sentenced to a total of 120 months of imprisonment, to be followed by a total of five years of supervised release. (See Transcript of Sentence Proceedings ("Sentencing") at 29, Reyes (Crim. Nos. 02-54 BB, 02-298 MV).)

 3. In his Motion, Mr. Reyes raises the following grounds for relief[1]:

(I)   Mr. Reyes entered into the guilty plea without understanding its consequences (unknowing and/or involuntary plea);
(II)   The sentencing court failed to inquire into whether Mr. Reyes was under the influence of medications that impaired his ability to reason;
(III)   The sentencing court did not properly consider Mr. Reyes' medical condition, infirmity, age, and/or his minimal role in the offense as mitigating factors;
(IV)   The sentencing court did not make findings regarding the reasons that Mr. Reyes was ineligible for the "safety valve" provision under § 5C1.2; and
(V)   Mr. Reyes was denied effective assistance of counsel, based on the following reasons:
(1) counsel obtained Mr. Reyes' signature on a guilty plea while Mr. Reyes was in the hospital and taking medication;
(2) counsel did not vigorously attempt to mitigate Mr. Reyes' sentence based on his diminished capacity, medical condition, infirmity, age, and/or his minimal role in the offense;
(3) counsel did not challenge the sentencing court's failure to make adequate "safety valve" findings;
(4) counsel did not proffer a sentencing entrapment argument and failed to challenge improper hearsay statements of co-defendant Berkowits; and
(5) counsel failed to file an appeal regarding any of these violations.

 4. Despite the fact that several grounds appear to challenge the validity of his guilty plea, Mr. Reyes' explicit "intention is to move this court for a reduction of the sentence imposed against him and not to challenge his conviction." (Memorandum of Points and Authorities in Support of §2255 Motion ("Memorandum") at 3 **[Doc. 2]** (emphasis added).) Nevertheless, the Court will address all of the grounds presented by Mr. Reyes, including those that challenge the

---

[1]There are only two claims enumerated in Mr. Reyes' Motion. However, I find that the majority of Mr. Reyes' allegations are disorganized, redundant and difficult to parse. Thus, I have liberally construed Mr. Reyes' allegations as stating the five grounds set forth above.

validity of his conviction.

5. The government contends that Mr. Reyes' Motion is untimely and that it "fails to allege a factual or legal basis sufficient to establish the claims he sets forth." (Response at 1-2.) The government did not argue that Movant's claims are procedurally barred. However, in light of the fact that Mr. Reyes did not file a direct appeal, I will also address the applicability of procedural default in this case.

*Timeliness of Motion*

6. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 by adding a time-limit provision for § 2255 motions, precluding a prisoner from filing a § 2255 motion more than one year after the conviction becomes final. 28 U.S.C. § 2255(1); see United States v. Simmonds, 111 F.3d 737, 746 (10th Cir.1997).

7. The judgments in Mr. Reyes' criminal cases were entered on January 31, 2003 (see Reyes (Crim. No. 02-54 BB) **[Doc. 153]**) and February 3, 2003 (see Reyes (Crim. No. 02-298 MV) **[Doc. 64]**). Mr. Reyes did not pursue a direct appeal. Thus, his convictions became final ten days after his right to seek an appeal ended, on February 10, 2003 and February 13, 2003, FRAP 4(b)(1)(A)(i),[2] making the deadlines for filing a § 2255 motion February 9, 2004 and February 12, 2004.[3] The present Motion was "executed" on January 22, 2004 and file-stamped

---

[2] Where petitioner files a direct appeal, the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999). In this case, since no direct appeal was filed, the conviction became final after the time for filing an appeal had passed.

[3] The government incorrectly asserts that Mr. Reyes' conviction "became final on February 3, 2003." (Response at 1.)

on February 10, 2004.[4]  Accordingly, the Motion is timely and not barred under the one-year statute of limitations.

### *Challenging a guilty plea*

8.  The general rule is that collateral attacks concerning guilty pleas are prohibited. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Frady, 456 U.S. 152, 165-55 (1982) (noting that in order to obtain collateral relief, Movant must clear a significantly higher hurdle than would exist on direct appeal).  Once a defendant has pleaded guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary.  Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)) (other citations omitted).  Thus, the relevant inquiry in a challenge to a guilty plea proceeding is limited to whether the underlying plea was both counseled and voluntary. Tollett, 411 U.S. at 263-64; Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993).

### *Procedural Default*

9. Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal.  United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). Here, Movant has not challenged his guilty plea on direct appeal, and the circumstances under which a guilty plea may be attacked on collateral review are strictly limited.  See Bousley v. United States, 523 U.S. 614, 621 (1998) (noting that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review").

10.  However, there are certain exceptions to this general rule of procedural bar.  For

---

[4]Mr. Reyes indicates that the Motion was "executed" on January 22, 2004.  (Motion at 7.) Moreover, it is logical to assume that, having been filed in this Court on February 10, 2004, the Motion was placed in the prison mail system no later than February 9, 2004.

4

example the procedural bar rule does not apply to claims of ineffective assistance of counsel. United States v. Galloway, 56 F.2d 1239, 1241 (10th Cir. 1995); accord United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). In addition, Mr. Reyes' § 2255 motion is not procedurally barred if he can show cause and prejudice, or a fundamental miscarriage of justice. United States v. Allen, 16 F.3d 377 (10th Cir. 1994); accord Frady, 456 U.S. at 168; Cook, 997 F.2d at 1320.

11. As part of his plea agreement, Mr. Reyes specifically waived his "right to appeal the sentence imposed in this case." (Plea Agreement at 6). Moreover, I do not find that Mr. Reyes demonstrates "cause" and "prejudice" or a "fundamental miscarriage of justice." Nevertheless, while many of Mr. Reyes' claims may be procedurally defaulted, the Court will address the merits of each ground set forth above.

*Grounds I and V(1)*

12. In these two grounds, Mr. Reyes appears to allege that his guilty plea was not made knowingly and/or voluntarily due to his lack of understanding regarding the consequences of the plea, mental incompetence and/or ineffective assistance of counsel. Specifically, Mr. Reyes contends that his attorney, "taking advantage of the fact that [Mr.] Reyes was on medication, and lying in a hospital bed, . . . cajoled and pressured [him] into signing a document that later was presented to him as a plea of guilty." (Reply at 4; see also Reyes' Affidavit at 2, attached to Motion.) Mr. Reyes also states that he "continually advised the Court" that he "was not aware" and "d[id] [not] know what [he] was doing with regards to his plea agreement." (Memorandum at 8 (internal citations omitted).) In addition, Mr. Reyes apparently argues that his plea was not intelligent and knowing because the Court failed to advise him that he would not be able to

5

withdraw his plea. (Memorandum at 7-8.) After reviewing the record, I do not find that any of Mr. Reyes' allegations raise a challenge regarding the knowing and voluntary nature of his plea.

  13. On January 7, 2003, Mr. Reyes signed a document that set forth, *inter alia*, his agreement to plead guilty to two criminal counts and waive certain rights, in exchange for the government's promise to dismiss the remaining counts against him and recommend a sentence of 120 months. (<u>See</u> Plea Agreement.) At his plea hearing, the Honorable Bruce D. Black, United States District Judge, engaged in considerable discussion with Mr. Reyes and his counsel concerning the plea and the charges against Mr. Reyes and found that the plea was knowing and voluntary. During the plea hearing, the following exchanges took place:

> Q (COURT):  Within the last 24 hours, have you taken any drug, medication, or alcohol?
> A (Mr. Reyes): Just medicines.
> Q:  All right. And do those medicines affect your ability to reason or understand?
> A:  No. They just help me for my illness.
> Q:  All right. Do you understand what is happening here today?
> A:  Yes.
> . . . .
> THE COURT:  And do you have any doubt or reservation as to [Mr. Reyes'] competence to proceed?
> MR. VARGAS:  I do not at this time, sir.
> (counsel for Mr. Reyes)
> THE COURT:  The Court will make a finding defendant is competent to proceed.

(Plea Hearing at 4-5.)

> Q:  Mr. Reyes, are you satisfied with your attorney?
> A:  Well, yes, he's been good.

(Plea Hearing at 6.)

> Q:  Is that your signature on the plea agreement, Mr. Reyes?
> A:  Yes.
> Q:  Did you have that read to you in Spanish before you signed it?
> A:  Yes, he has told me.
> Q:  Do you have any questions about that plea agreement?
> A:  No.

(Plea Hearing at 9.)

> Q:  Mr. Reyes, has anyone threatened you or tried to force you to plead guilty?
> A:  No. What's threatening me is that if I don't plead guilty that I'll be facing 300

>   months.  So I have to do it.
> Q: All right.  Well, you do understand you have the right to go to trial?
> A: Yes, I do understand.
> Q: And you may be found not guilty.  That is possible.
> A: Yes, I do understand, but I'm not going to win, so I do not want to spend my entire life in jail.
> Q: All right. Has anyone made any promises to you in an attempt to get you to plead guilty?
> A: No.

(Plea Hearing at 14-15.)

14. The record indicates that the Court explored Mr. Reyes' ability to understand the nature and consequences of his plea.  Following a lengthy colloquy, during which the Court interacted frequently with Mr. Reyes and had ample opportunity to observe his demeanor, Judge Black found that Mr. Reyes entered into his guilty plea "free[ly] and voluntar[ily]; [and that] defendant fully understands the charge and the penalties."  (Plea Hearing at 30.)

15. A defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements.  See United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir. 1988).  Moreover, a defendant's statements on the record "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977) (quoted in Romero, 45 F.3d at 1033); see also Estrada, 849 F.2d at 1306; Worthen v. Meachum, 842 F.2d 1179, 1183-84 (10th Cir. 1988) (citations omitted), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991) (finding that where a defendant "states on the record that he has not been coerced, threatened or promised anything for pleading guilty, those statements form a formidable barrier in collateral proceedings such as this one").

   16. Mr. Reyes offers no satisfactory explanation for his failure to raise the allegation that his attorney "made" him sign a guilty plea in the hospital at his plea hearing. Nor does Mr. Reyes contend that his signature on the record plea agreement, signed and file-stamped on January 7, 2003, was coerced. When Mr. Reyes alleged at his sentencing hearing that he "d[id] [not] know what [he] was doing," the Court provided an opportunity for Mr. Reyes to move to withdraw his plea. (Sentencing at 19.) However, after consulting with his attorney and learning that the Court intended to impose a sentence of 120 months, Mr. Reyes ultimately chose to proceed with sentencing, requesting only that he be "sen[t] [] to California." (Id. at 28.)

   17. Although Mr. Reyes claims that he was not advised he would be unable to withdraw his plea, he does not "show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 124 S.Ct. 2333, 2340 (2004). As in Benitez, "it is hard to see here how the warning could have had an effect on [Mr. Reyes'] assessment of his strategic position." Id. at 2341. Moreover, the written plea agreement, read to Mr. Reyes in Spanish, specifically warned that he could not withdraw his plea "if the applicable guideline range is higher than expected or if the Court departs from the applicable guideline range." (Plea Agreement at 3.) "This fact, uncontested by [Mr. Reyes], tends to show that the Rule 11 error made no difference to the outcome here." Benitez, 124 S.Ct at 2341.

   18. The plea colloquy indicates that Mr. Reyes had evaluated his chances of prevailing at trial, understood the potential consequences of accepting the plea agreement, and made a knowing and voluntary choice between the alternative courses of action available to him. See North Carolina v. Alford, 400 U.S. 25, 31 (1970) (explaining that a constitutionally valid plea is one that "represents a voluntary and intelligent choice among the alternative courses of action

open to the defendant"). The fact that Mr. Reyes may have been unhappy with his choices or has come to regret the choice he made, does not render his plea unknowing or involuntary.

19. Finally, because I find that the underlying plea in this case is valid, I need not address Mr. Reyes' apparent claim that his plea is invalid because he received ineffective assistance of counsel. However, I note that Mr. Reyes does not allege or show that absent his attorney's alleged errors he would have rejected the plea agreement and proceeded to trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (explaining that to establish a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial). Indeed, as previously noted, Mr. Reyes emphasized that his intent in filing this § 2255 motion is not to challenge his conviction, but only to lower his sentence. Thus, relief based on grounds I and V(1) should be denied.

*Ground II*

20. Mr. Reyes claims that the Sentencing Court did not inquire into whether he was taking any medications that impaired his ability to reason. However, I find that Mr. Reyes' allegations are not only vague and conclusory, but also fail to state a claim. Although Mr. Reyes contends that the Sentencing Court should have been concerned that he "was taking medications"(memorandum at 5) he neither identifies the medications nor describes their effects.[5] More important, Mr. Reyes does not allege or show that his sentencing proceedings were prejudiced as a result of the effect of any medication. Accordingly, relief based on ground II

---

[5]Mr. Reyes previously advised the Court at his plea hearing that he was taking medications for his medical condition that did not impair his ability to reason.

9

should be denied.

*Grounds III and V(2)*

21. In ground III, Mr. Reyes claims that the Sentencing Court did not properly consider his medical condition, infirmity, age and/or his minimal role in the offense as mitigating factors in imposing his sentence. Ground V(2) alleges that counsel was ineffective for failing to vigorously attempt to mitigate Mr. Reyes' sentence based on these factors, including diminished capacity. I find that these allegations have no merit.

22. Mr. Reyes was convicted under 21 U.S.C. § 841(a)(1), (b)(1)(A) which carries a mandatory term of imprisonment of not less than ten (10) years. The circumstances under which a court may impose a sentence below the statutory minimum are limited.[6]

23. A court may not impose a sentence below the statutory minimum based solely on its authority to depart below a guidelines sentence. See Verners, 103 F.3d at 111 (citing United States v. Mosley, 965 F.2d 906, 916 (10th Cir. 1992)) (stating that a court has no discretion to depart from a statutory minimum sentence based on 18 U.S.C. § 3553(b) mitigating circumstances). The factors enumerated in grounds III and V(2) do not authorize a sentencing court to depart below the statutory minimum penalty.

24. Finally, because I find that none of the above factors justify the court's departure below the statutory minimum, I need not address Mr. Reyes' claim that his counsel was

---

[6]For example, 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 provide that a court "shall impose a sentence . . . without regard to any statutory minimum sentence if the court finds at sentencing that the defendant has met" certain criteria. United States v. Verners, 103 F.3d 108, 110 (10th Cir. 1996).

10

ineffective for failing to argue for their application.[7] Moreover, while Judge Black could have sentenced Mr. Reyes to more than the statutory minimum, he imposed the 120 month sentence that Mr. Reyes stipulated to in the plea agreement. Consequently, Mr. Reyes would be hard-pressed to show that any alleged error on the part of counsel resulted in prejudice. Relief based on grounds III and V(2) should be denied.

*Grounds IV and V(3)*

25. In ground IV, Mr. Reyes claims that the Sentencing Court did not make findings regarding his eligibility for the "safety valve" provision of § 5C1.2, and ground V(3) alleges that counsel was ineffective for failing to challenge the Court's failure to make findings. I find that these grounds also lack merit.

26. "Generally, the burden is on the defendant to show that a reduction in sentencing is appropriate." Verners, 103 F.3d at 110 (citing United States v. Ayers, 84 F.3d 382, 383 (10th Cir. 1996)). Specifically, "the defendant has the burden of proving, by a preponderance of the evidence, the applicability of [U.S.S.G. § 5C1.2]." Id. (citing United States v. Ramirez, 94 F.3d 1095, 1100-1102 (7th Cir. 1996)) (other citations omitted).

27. Here, the sentencing transcript shows that Mr. Reyes' counsel argued for the application of § 5C1.2, based primarily on Mr. Reyes' allegedly minor role. (Sentencing at 6-9.) However, when the Sentencing Court pointed out that § 5C1.2 also requires the defendant to "truthfully provide the government all information and evidence concerning the . . . offenses," counsel explained that Mr. Reyes "has not necessarily been willing to provide anything like that, .

---

[7]I note, however, that Mr. Reyes' counsel did request the Sentencing Court to consider at least some of these factors in imposing sentence. (See, e.g., sentencing at 9 (requesting the Court to consider "my client's heart condition and his age").)

. . [because he] really do[es]n't know." (Id. at 9-10.)  The Sentencing Court indicated that Mr. Reyes would "have to go farther than that to convince me of that, frankly," and reiterated that Mr. Reyes would be ineligible for a downward departure based on § 5C1.2 without fulfilling that requirement. (Id. at 10.)

28. Based on the record, the Sentencing Court did not err in failing to find that Mr. Reyes met his burden regarding application of the safety valve provision.  Mr. Reyes pleaded guilty to two counts charging him with conspiracy.  At sentencing, a probation officer stated that Mr. Reyes did not qualify for the safety valve "because he had not debriefed and provided sufficient information to the government." (Sentencing at 10-11.)  The Sentencing Court was not convinced by Mr. Reyes' explanation that a lack of knowledge accounted for his failure to debrief. See Virgen-Chavarin, 350 F.3d 1122, 1129 (10th Cir.2003) (noting that "the district court's application of the safety valve is fact specific and dependent on credibility determinations").

29. Despite his claim to the contrary, the record shows that the Sentencing Court made findings regarding Mr. Reyes' eligibility for the "safety valve" provision of § 5C1.2,[8] and that Mr. Reyes' counsel argued for application of the provision.  There is no indication that the Sentencing Court erred when it did not find that Mr. Reyes met his burden of proving that the "safety valve" provision should apply in his case.  Relief based on grounds IV and V(3) should be denied.

*Ground V(4)*

30. In ground V(4), Mr. Reyes alleges that his counsel was ineffective because he did not

---

[8]In addition, the Sentencing Court adopted the findings of the presentence report, which addressed Mr. Reyes' eligibility for a downward departure pursuant to § 5C1.2. (See Presentence Investigation Report at 17 (noting that Mr. Reyes "has not provided to the Government all information and evidence he has concerning the offense").)

proffer a "sentencing entrapment" argument in an attempt to mitigate his sentence. (Memorandum at 11.)  Mr. Reyes also contends that his counsel was ineffective for failing to challenge the "impermissible hearsay testimony" that is the only "credible evidence" linking him to any conspiracy.  (Id.)

31.  To prove ineffective assistance of counsel, Mr. Reyes must show both that his counsel's performance was deficient, and that there is a reasonable probability that his counsel's performance prejudiced him. Walker v. Gibson, 228 F.3d 1217, 1231 (10th Cir. 2000); see also, Strickland, 466 U.S. at 687; Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir. 1989). The claims raised under this ground neither allege nor show deficient conduct or prejudice.

32.  Claims of sentencing entrapment are analyzed under the outrageous government conduct standard.  See United States v. Lacey, 86 F.3d 956, 964 (10th Cir. 1996).  Outrageous conduct is "an extraordinary defense reserved for only the most egregious circumstances." Mosley, 965 F.2d at 910.  The relevant inquiry is whether, under the totality of the circumstances, the government's conduct is so shocking, outrageous and intolerable that it offends "the universal sense of justice."  Id. (citation omitted).  Here, Mr. Reyes' claim consists only of vague and conclusory statements.  Nowhere does Mr. Reyes allege government conduct that remotely approaches the standard set forth above.  Consequently, I find that Mr. Reyes' allegation of ineffective assistance of counsel based on this ground is wholly without merit.

33.  Mr. Reyes also contends that his counsel was ineffective for failing to challenge "impermissible hearsay testimony".  Not only do I find that Mr. Reyes fails to explain how counsel's allegedly deficient conduct prejudiced him, this ground also lacks merit.  Mr. Reyes' contention that improper hearsay is the only evidence linking him to a conspiracy charge,

13

essentially argues that the evidence against him is insufficient. However, such a claim fails where a defendant enters into a guilty plea for which a factual basis exists. See <u>United States v. Barnhardt</u>, 93 F.3d 706, 710 (10th Cir. 1996) (quoting Fed.R.Crim.P 11(f)) ("The acceptance of a guilty plea is deemed a factual finding that there is an adequate factual basis for the plea"); <u>see also</u>  <u>United States v. Broce</u>, 488 U.S. 563 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."). Consequently, because Mr. Reyes entered into a valid guilty plea, this ground has no merit. Relief based on ground V(3) should be denied.

*Ground V(5)*

34. Mr. Reyes does not clearly allege a claim of ineffective assistance of counsel due to his attorney's failure to file a direct appeal. However, to the extent that Mr. Reyes raises such a claim, I find that it is without merit. Counsel cannot be ineffective for failing to appeal, because according to the express terms of the written plea agreement, Mr. Reyes waived his right to appeal. (Plea Agreement at 6); <u>United States v. Cockerham</u>, 237 F.3d 1179, 1181-1182 (10th Cir. 2001); <u>United States v. Hernandez</u>, 134 F.3d 1435, 1437 (10th Cir. 1998) (noting that it is beyond dispute that "[a] defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable"); <u>United States v. Atterberry</u>, 144 F.3d 1299, 1300-01 (10th Cir. 1998) (enforcing defendant's waiver of statutory right to appeal). Consequently, relief based on ground V(5) should be denied.

## Conclusion

In sum, I find that there is no merit to any of Mr. Reyes' claims, including his allegations that his plea was involuntary or unknowing. Moreover, Mr. Reyes does not, and cannot, contend

that the sentence imposed exceeds that set forth in the plea agreement.

## Recommendation

I recommend that Mr. Reyes' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Doc. 1]** be DENIED and that this cause be DISMISSED with prejudice in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
UNITED STATES MAGISTRATE JUDGE